Carol Lynn Finklehoffe, Esq., CA Bar No. 220309
LIPCON MARGULIES ALSINA & WINKLEMAN
One Biscayne Tower, Suite 1776
Miami, FL 33131
Tel: 305-373-3016
Fax: 305-373-6204
Email: cfinklehoffe@lipcon.com
*Attorney for Plaintiff*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KARA THOMAS,<br><br>  Plaintiff,<br><br>vs.<br><br>PRINCESS CRUISE LINES, LTD., and DOES 1 - 10,<br><br>  Defendants. | CASE NO.:<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, KARA THOMAS ("THOMAS") brings this action individually. This action is brought against Defendants PRINCESS CRUISE LINES, LTD. (hereinafter "PRINCESS") and DOES 1-10, for personal injuries sustained by Plaintiff KARA THOMAS. Plaintiff, KARA THOMAS seeks damages and demands a jury trial on all issues so triable against Defendants.

## JURISDICTION AND PARTIES

1. This action is an action under general maritime law and the laws of California, as applicable.

2. The matter in controversy exceeds, exclusive of interests and costs, the sum specified by 28 U.S.C. § 1332. In the alternative, if diversity jurisdiction does not apply, then this matter falls under the admiralty and maritime jurisdiction of this Court.

3. This action is being pursued in this Court, as opposed to state court as otherwise allowed by the Saving to Suitors Clause of 28 U.S.C. §1333, because PRINCESS unilaterally inserts a forum selection clause into its cruise tickets that requires its passengers to file cruise-related suits *only in this federal district and division,* as opposed to any other place in the world.

4. Defendants PRINCESS, at all times material hereto, personally or through an agent:

   a. Operated, conducted, engaged in or carried on a business venture in this state and/or county or had an office or agency in this state and/or county;

   b. Was engaged in substantial activity within this state;

   c. Operated vessels in the waters of this state;

   d. Purposefully availed themselves of the benefits of conducting activities in California by purposefully directing their activities toward the state,

2
Plaintiff's Complaint and Demand for Jury Trial

thereby obtaining the benefits and protections of the state's laws;

e. The acts of the Defendant set out in this Complaint occurred in whole or in part in this state and/or county.

5. Plaintiff THOMAS is a plaintiff who resides in Denver, Colorado.

6. At all times material, Defendant PRINCESS was and is a for profit corporation with its worldwide headquarters, principal address and principal place of business located in the County of Los Angeles.

7. At all times material, Defendant PRINCESS was and is a common carrier engaged in the business of marketing, selling and operating a cruise line out of various ports throughout the world including, Los Angeles, California.

8. At all times material, Defendant PRINCESS derived substantial revenue from cruises originating and terminating in various ports throughout the world including, Los Angeles, California.

9. At all times material hereto, Defendant PRINCESS owned, operated, managed, maintained and/or controlled the vessel, *Royal Princess*.

10. At all times material, Defendant PRINCESS transported fare-paying passengers on cruises aboard its vessel *Royal Princess*.

11. At all times material, Defendant PRINCESS had exclusive control of the *Royal Princess* which was in navigable waters.

12. Plaintiff does not know the true names and capacities of Defendants sued herein as DOES 1 – 10, inclusive, and therefore sues these Defendants by such

fictitious names. Plaintiff is informed and believes that each of the Doe Defendants was in some manner legally responsible for the damages alleged below. The Plaintiff will amend this Complaint to set forth the true and capacities when ascertained, along with the appropriate charging allegations.

13. Plaintiff is informed and believes, that all Defendants, including those sued as DOES 1 – 10, were and are the agents, alter egos, partners, joint venturers, principals, shareholders, servants, and employees and the like of their co-Defendants, and in doing the things hereinafter mentioned, were acting in the course and scope of their authority as such agents, alter egos, partners, joint venturers, principals, shareholders, servants, and employees and the like with permission, ratification or consent of their co-Defendants and thus are legally liable for the damages resulting from the acts or omissions of the others.

### Factual Allegations

14. At all times material, the Plaintiff THOMAS was a paying was a fare paying passenger and lawfully aboard the vessel *Royal Princess*.

15. Prior to boarding the vessel, the Plaintiff THOMAS submitted the necessary paperwork providing Defendant PRINCESS with written notification of her dietary requirements and severe food allergies to onions and gluten.

16. Defendant PRINCESS assures passengers, including the Plaintiff THOMAS, that all restaurants on the ship will be notified about the food allergies and special accommodations will be made for the safety of the passengers. The

Plaintiff THOMAS trusted and relied on these assurances in her decision to ultimately cruise with the Defendant PRINCESS.

17. Upon boarding the vessel, the Plaintiff THOMAS again advised the Defendant PRINCESS of her severe food allergies and personally spoke with the Maître D' and/or manager of each dining room, informing them of her dietary restrictions and severe food allergies. The Plaintiff THOMAS was repeatedly assured that her dietary requirements could be met and accommodations made.

18. On or about June 30, 2018, Plaintiff THOMAS was served lunch in the dining room which contained and/or was contaminated with onions and gluten, causing her to come violently ill, vomiting and suffering from heartburn and pain.

19. Despite assurances that it would not happen again and her dietary requirements would be met, the Plaintiff THOMAS was repeatedly served food which contained and/or was contaminated with onions and gluten, each time becoming ill.

20. The repeated episodes of becoming violently ill, vomiting and heartburn, resulted in the Plaintiff THOMAS developing ulcers and ultimately necessitating surgery to remove part of her intestines.

21. As a result of the negligence of Defendant PRINCESS, its vessel and/or crew, Plaintiff THOMAS suffered serious, permanent and debilitating injuries requiring surgery and extensive medical care.

## COUNT I – <u>GENERAL NEGLIGENCE AGAINST DEFENDANTS</u>

Plaintiff THOMAS hereby incorporates by reference, as though fully set forth herein, paragraphs one (1) through twenty-one (21), and alleges as follows:

22. At all times material hereto, it was the duty of Defendant PRINCESS to provide Plaintiff THOMAS with reasonable care under the circumstances.

23. On or about June 30, 2018, Defendant PRINCESS and/or its agents, servants and/or employees breached its duty to provide Plaintiff THOMAS with reasonable care under the circumstances through the following acts and/or omissions:

   a. Failure to provide food that was safe for Plaintiff's consumption; and/or

   b. Failure to maintain the food, kitchen area, plates, utensils and/or appliances in a safe and reasonable condition; and/or

   c. Failure to accommodate Plaintiff and her food allergens; and/or

   d. Failure to provide reasonable notice or inquiry in regards to the food served and the allergens contained therein; and/or

   e. Failing to inquire about food allergies prior to each course, throughout a meal; and/or

   f. Failing to consult documentation provided prior to voyage concerning food allergens; and/or

g. Failure to conform to documentation provided prior to voyage, itemizing known allergens for Plaintiff THOMAS; and/or

h. Breach of duty of reasonable care for passengers with food allergies; and/or

i. Failure to warn that the food served to Plaintiff was contaminated; and/or

j. Failure to warn that the food served to Plaintiff contained onions and/or gluten; and/or

k. Failure to warn the food, kitchen area, plates, utensils and/or appliances contained known allergens; and/or

l. Failure to inspect the food, platters, plates, utensils, cooking preparation and/or cooking methods for people suffering from known allergies; and/or

m. Failure to warn passengers and Plaintiff THOMAS of the unreasonably dangerous nature of the food and the allergens therein; and/or

n. Failure to warn passengers and Plaintiff THOMAS of the dangers present in the food; and/or

o. Failing to warn Plaintiff of the contamination in meals before being served; and/or

p. Failure to adequately and regularly inspect the kitchen area and appliances; and/or

q. Failure to make sure cooking devices were free from known allergens that Plaintiff documented prior to boarding and discussed with Princess' employees before each meal; and/or

r. Failure to maintain the area where food is prepared for people suffering from food allergies; and/or

s. Failure to maintain meals, platters, plates, and/or utensils free from contamination; and/or

t. Failure to promulgate and enforce adequate policies and procedures for allergy related incidents in food aboard cruise ships; and/or

u. Failure to monitor, supervise, train, and instruct crewmembers in handling passenger's allergies; and/or

v. Failure to reference the documentation provided prior to the voyage concerning Plaintiff THOMAS' allergies.

24. The above acts and/or omissions caused and/or contributed to the Plaintiff being severely injured because Plaintiff's incident would not have occurred but for such acts and/or omissions.

25. At all times material hereto, Defendant PRINCESS knew of the foregoing dangerous conditions causing Plaintiff THOMAS' incident and failed to warn her about them, or the conditions existed for a sufficient length of time so that Defendant PRINCESS, in the exercise of reasonable care under the circumstances, should have learned of them and warned about them. This knowledge was or should

have been acquired through Defendant PRINCESS' maintenance and/or inspections of the kitchen area and appliances therein and/or through prior incidents involving passengers injured due to food allergies.

26. As a direct and proximate result of the negligence of Defendant PRINCESS, Plaintiff THOMAS was injured about her body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap, lost wages and Plaintiff's working ability has been impaired. The injuries are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future. In addition, Plaintiff lost the benefit of Plaintiff's vacation, cruise, and transportation costs.

**WHEREFORE**, the Plaintiff demands judgment for all damages recoverable under the law against Defendant and demands trial by jury.

### Prayer for Relief

**WHEREFORE**, the Plaintiff THOMAS respectfully request the Court enter judgment in her favor and against Defendant PRINCESS as follows:

1. To enter judgment in favor of the Plaintiff against Defendants on all causes of action as alleged herein;

2. To award compensatory damages in the amount to be ascertained at trial;

3. To award punitive damages, as permitted by law;

4. To award costs of suit, as permitted by law;

5. For prejudgment interest according to proof; and

6. To enter such other and further relief as the Court deems just under the circumstances.

LIPCON MARGULIES ALSINA & WINKLEMAN

DATED: June 26, 2019

BY: *s/ Carol L. Finklehoffe*
CAROL L. FINKLEHOFFE
*Attorney for Plaintiff*

### Demand for Jury Trial

Plaintiff THOMAS hereby demands a trial by jury on all claims for relief.

LIPCON MARGULIES ALSINA & WINKLEMAN

DATED: June 26, 2019

BY: *s/ Carol L. Finklehoffe*
CAROL L. FINKLEHOFFE
*Attorney for Plaintiff*